IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) CRIMINAL NO. 3:10CR31 |
| | ) |
| FERNANDO TAVERA MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

APR -9 2010

CLERK, U.S. DISTRICT COURT
RICHMOND VA

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One of the pending indictment and the following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt.

1. At all times relevant to this indictment, FERNANDO TAVERA MARTINEZ did knowingly, intentionally, and unlawfully conspire with others, known and unknown to distribute and possess with the intent to distribute 500 grams or more of cocaine hydrochloride, a Schedule II controlled substance, within the Eastern District of Virginia, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

2. On March 31, 2009 a Cooperating Source (hereinafter referred to as "CS") working at the direction of law enforcement arranged a purchase of a quantity of cocaine hydrochloride and a firearm from MARTINEZ. The CS was given $3,100.00 in official Government funds for the purchase of the aforementioned items. MARTINEZ met with the CS at a pre-determined location; at that time, the CS gave MARTINEZ the $3,100.00 and MARTINEZ gave the CS a quantity of suspected cocaine hydrochloride and a Hi-Point, 9mm, semi-automatic pistol, bearing serial number P028149, and 7 loose rounds of 9mm ammunition. After making the transaction,

the CS surrendered the drugs and firearm to law enforcement officials. The suspected cocaine base was submitted to the DEA Mid-Atlantic Laboratory for analysis and tested positive for 85.1 grams of cocaine hydrochloride. Virginia Department of Forensic Science for analysis. The item tested positive for 2.700 grams of cocaine base. The firearm was submitted to the FBI Laboratory in Quantico, Virginia for analysis. The firearm functioned properly when test fired.

3. During the early part of 2009, Chesterfield County, Virginia, Police Department (CCPD), received information that several unknown Hispanic individuals, later identified as Fernando Tavera MARTINEZ, Jaime Martinez Resendiz and Victor M. Canseco Trinidad were distributing cocaine hydrochloride in the Richmond Metro area.

4. Law enforcement agents received information that the aforementioned individuals would be heading to North Carolina on April 30, 2009, to purchase cocaine hydrochloride. Surveillance units were placed in the area of the North Carolina and Virginia border on I-95. Officers were 7 miles into North Carolina when they observed two vehicles: a green Ford pick-up truck heading northbound on I-95 with two occupants, a Chevrolet pick-up truck bearing Virginia license plate XWD-7410. This particular Chevrolet pick-up truck had previously been linked to Fernando Martinez during surveillance. In fact, in the morning hours of April 30, 2009, surveillance units spotted said truck parked at Fernando MARTINEZ's house. Officers immediately requested assistance from the Virginia State Police with a traffic stop after tracking the truck northbound from North Carolina.

5. On or about April 30, 2009, at approximately 9:20 P.M., on Route 288 northbound & ramp to Jefferson Davis Highway, Virginia State Troopers Clifford F. Kincaid and Todd H.

Bryson conducted a traffic stop on the two Pick-up trucks driving in tandem coming from North Carolina.

6. Upon speaking with the sole occupant of the Chevrolet Pick-up truck, Trooper Kincaid was able to identify him as Victor M. Canseco Trinidad. Trooper Kincaid noticed that Canseco Trinidad appeared to be nervous by rubbing his hands and face. Trooper Kincaid asked fellow Trooper J. K. Anniss to conduct a free air sweep of the suspect vehicle with his narcotic detecting canine. Shortly thereafter, Trooper Anniss received an alert on the suspect vehicle from his canine. During a subsequent search of the pick up truck, Troopers Anniss and Kincaid discovered two packages of suspected cocaine. The suspected contraband was located behind the front passenger's seat and one of the packages was concealed in an empty potato chips bag. Additionally, $1,934.00 in cash was recovered from Victor Canseco Trinidad's wallet.

7. Thereafter, the suspected narcotics was sent to the Virginia Department of Forensic Science for analysis. The items tested positive for 492.5 grams of cocaine hydrochloride.

8. On April 30, 2009, the two occupants of the Ford pick-up truck, Fernando Tavera MARTINEZ and Jaime Martinez Resendiz, were stopped as well. Trooper Bryson observed an absence of luggage, multiple cell phones and several air fresheners inside the truck. Based on these observations, a free air sweep of the Ford pick-up truck by a canine was conducted and it gave an alert. A search of the pick-up truck and its contents was executed but nothing of evidentiary value was found.

9. The investigation later revealed that Jamie Martinez Martinez, Victor Canseco Trinidad and Fernando MARTINEZ conspired to transport the cocaine hydrochloride from North Carolina to Virginia. Each individual contributed $3,000 in United States currency toward the

purchase of the seized cocaine hydrochloride. The investigation also showed that this was not the first time that the three individuals had traveled from Virginia to North Carolina for the purpose of purchasing cocaine hydrochloride.

10. For the purposes of relevant conduct, the Government and defendant MARTINEZ stipulate that the defendant conspired to distribute and possess with the intent to distribute at least 500 grams but less than 2 kilograms of cocaine hydrochloride. The Government and the defendant also stipulate that a two-level enhancement is appropriate, pursuant to U.S.S.G. § 2D1.1(b)(1,) for possession of the firearm referenced in paragraph number 2.

11. The defendant, FERNANDO TAVERA MARTINEZ committed the acts described herein unlawfully, knowingly, and willfully, and without legal justification or excuse with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Roderick C. Young
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read the statement of facts setting forth the facts as to my participation in the above captioned offenses: Title 21, United States Code, Section 846, conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine hydrochloride. I have discussed this statement of facts fully with my attorney, Denis Englisby, Esquire. I fully understand this statement of facts and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this statement of facts fully.

Date: 4/9/10

*[signature: Fernando Tavera Martinez]*
FERNANDO TAVARA MARTINEZ,
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each page constituting the Government's statement of facts as to my client's participation in the above described offense. I have reviewed the entire statement of facts with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this statement of facts.

Date: 4/9/10

*[signature]*
Denis Englisby, Esquire
Counsel for Fernando Tavara Martinez